Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
SANTOS RODRIGUEZ GARCIA, *individually and*
*on behalf of others similarly situated,*

*Plaintiff,*

-against-

BKUK 3 CORP. (d/b/a LA CARBONARA
RESTAURANT), BKUK 8 CORP. (d/b/a
SERENATA), BKUK 9 CORP. (d/b/a LIMON
JUNGLE), B & R SORRENTO CORP. (d/b/a
INTERMEZZO), BESIM KUKAJ, and JOHN DOE

*Defendants.*

-----------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION
UNDER 29 U.S.C. § 216(b)
AND RULE 23 CLASS
ACTION**

**ECF Case**

Plaintiff Santos Rodriguez Garcia, individually and on behalf of others similarly situated

("Plaintiff Rodriguez" or "Mr. Rodriguez"), by and through his attorneys, Michael Faillace &

Associates, P.C., upon information and belief, and as against each of Defendants BKUK 3 Corp.

(d/b/a La Carbonara Restaurant), BKUK 8 Corp. (d/b/a Serenata), BKUK 9 Corp. (d/b/a Limon

Jungle), B & R Sorrento Corp. (d/b/a Intermezzo) ("Defendant Corporations"), Besim Kukaj and

John Doe (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1.      Plaintiff Rodriguez is a former employee of Defendants BKUK 3 Corp. (d/b/a La

Carbonara Restaurant), BKUK 8 Corp. (d/b/a Serenata), BKUK 9 Corp. (d/b/a Limon Jungle), B

& R Sorrento Corp. (d/b/a Intermezzo), Besim Kukaj, and John Doe.

2.      Besim Kukaj, and John Doe own a number of restaurants located at 202 West 14th Street , New York, NY 10011 (hereinafter "La Carbonara"), 111 West 17th Street, New York, NY 10011 (hereinafter "Serenata"), 197 Seventh Avenue, New York, NY 10012 (hereinafter "Limon Jungle"), and 202 8th Avenue, New York, NY 10011 (hereinafter "Intermezzo").

3.      Upon information and belief, Defendants Besim Kukaj and John Doe serve or served as owners, managers, principals or agents of Defendant Corporations and through these corporate entities operate or operated the restaurants.

4.      Plaintiff Rodriguez is a former employee of Defendants, who ostensibly worked as a delivery worker at Defendants' restaurants.

5.      . Plaintiff Rodriguez was ostensibly employed as a delivery worker, but he was required to spend several hours each day performing non-tipped duties unrelated to deliveries including, dishwashing, taking out the garbage and boxes, cleaning shrimp, helping the food preparer, preparing salads, stocking, fixing lights, plumbing, and making sauces (hereinafter non-tip/non-delivery duties).

6.      Plaintiff Rodriguez worked for Defendants without appropriate minimum wage and overtime compensation for the hours that he worked over 40 in a week.

7.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Rodriguez appropriately for his hours worked, either at the straight rate of pay, or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiff Rodriguez the required "spread of hours" pay for any day in which he worked over 10 hours.

9.      Defendants employed and accounted for Plaintiff Rodriguez as a delivery worker in their payroll, but in actuality his duties included several hours spent performing the non-delivery, non-tipped functions such as those alleged above.

10.     At all times, regardless of duties, Defendants paid Plaintiff Rodriguez and all other delivery workers at a rate that was lower than the required tip-credited rate.

11.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Rodriguez's non-tipped duties exceeded 20% of each workday, or 2 hours per day (whichever was less in each day) (12 N.Y.C.R.R. § 146).

12.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Rodriguez's actual duties in payroll records to avoid paying Plaintiff Rodriguez at the minimum wage rate, and to enable them to pay Plaintiff Rodriguez at the lower tip-credited rate (which they still failed to do) by designating him as a delivery worker instead of a non-tipped employee.

13.     Defendants' conduct extended beyond Plaintiff Rodriguez to all other similarly situated employees.

14.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Rodriguez and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

15.     Plaintiff Rodriguez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law

3

("NYLL") §§190 and 650 *et seq*., and the "overtime wage order" codified at N.Y. COMP. CODES R. & REGS. Tit. 12 §§ 142-2.2, 2.4 (2006), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

16.    Plaintiff Rodriguez now brings this action as a class action under Rule 23 and seek certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.    This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Rodriguez's state law claims is conferred by 28 U.S.C. § 1367(a).

18.    Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Rodriguez was employed by Defendants in this district.

## PARTIES

*Plaintiff*

19.    Plaintiff Santos Rodriguez Garcia ("Plaintiff Rodriguez" or "Mr. Rodriguez") is an adult individual residing in Hudson County, New Jersey.

20.     Plaintiff Rodriguez was employed by Defendants from approximately August 29, 2016 until on or about May 22, 2017.

21.     At all relevant times to this complaint, Plaintiff Rodriguez ostensibly was employed by Defendants as a delivery worker.

22.     Plaintiff Rodriguez consents to being a party pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

23.     Defendants own, operate and/or control four restaurants located at 202 West 14th Street, New York, NY 10011 (La Carbonara), 111 West 17th Street, New York, NY 10011 (Serenata), 197 Seventh Avenue, New York, NY 10012 (Limon Jungle), and 202 8th Avenue, New York, NY 10011 (Intermezzo) at all times relevant to this complaint.

24.     Upon information and belief, BKUK 3 Corp. (d/b/a La Carbonara Restaurant) is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 202 West 14th Street, New York, NY 10011.

25.     Upon information and belief, BKUK 8 Corp. (d/b/a Serenata) is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 111 West 17th Street, New York, NY 10011.

26.     Upon information and belief, BKUK 9 Corp. (d/b/a Limon Jungle) is a corporation organized and existing under the laws of the State of New York. Upon information

and belief, it maintains its principal place of business at 197 Seventh Avenue, New York, NY 10012.

27.     Upon information and belief, B & R Sorrento (d/b/a Intermezzo) is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 202 Eighth Avenue, New York, NY 10011.

28.     Defendants Besim Kukaj and John Doe are individuals engaging in business within this judicial district during the relevant time period. Defendants Besim Kukaj and John Doe are sued individually in their capacity as owners, officers and/or agents of Defendant Corporations.

29.     Defendants Besim Kukaj and John Doe possess operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or control significant functions of Defendant Corporations. Defendants Besim Kukaj and John Doe determine the wages and compensation of the employees of Defendants, including Plaintiff Rodriguez, and establish the schedules of the employees, maintain employee records, and have the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

30.     Defendants operate four restaurants located in the Chelsea section of Manhattan in New York City.

31.     Individual defendants Besim Kukaj and John Doe possess operational control over Defendant Corporations, possess an ownership interest in Defendant Corporations, and control significant functions of Defendant Corporations.

32.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

33.     Each defendant possessed substantial control over Plaintiff Rodriguez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Rodriguez, and all similarly situated individuals, referred to herein.

34.     Defendants jointly employed Plaintiff Rodriguez, and all similarly situated individuals, and are Plaintiff Rodriguez's (and all similarly situated individuals) employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

35.     In the alternative, Defendants constitute a single employer of Plaintiff Rodriguez and/or similarly situated individuals.

36.     Upon information and belief, individual defendants Besim Kukaj and John Doe operate defendant Corporations as either alter egos of themselves, and/or fail to operate defendant Corporations as legal entities separate and apart from themselves by, among other things:

    (a)     failing to adhere to the corporate formalities necessary to operate defendant Corporations as separate and legally distinct entities;

    (b)     defectively forming or maintaining defendant Corporations by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

    (c)     transferring assets and debts freely as between all Defendants;

(d)     operating defendant Corporations for their own benefit as the sole or

majority shareholders;

(e)     operating defendant Corporations for their own benefit and maintaining

control over these corporations as closed corporations or closely

controlled entities;

(f)     intermingling assets and debts of their own with defendant

Corporations;

(g)     diminishing and/or transferring assets of defendant Corporations to protect

their own interests; and

(h)     other actions evincing a failure to adhere to the corporate form.

37.     At all relevant times, Defendants were Plaintiff Rodriguez's employers within the

meaning of the FLSA and NYLL.

38.     Defendants had the power to hire and fire Plaintiff Rodriguez, controlled the

terms and conditions of employment, and determined the rate and method of any compensation

in exchange for Plaintiff Rodriguez's services.

39.     In each year from 2016 to 2017, Defendants, both individually and jointly, had

gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail

level that are separately stated).

40.     In addition, upon information and belief, Defendants and/or their enterprises were

directly engaged in interstate commerce. For example, numerous items that were used in the

restaurants on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

8

41.     Plaintiff Rodriguez is a former employee of Defendants, ostensibly employed as a delivery worker, but who spent more than 20% of his work day performing the non-delivery, non-tip duties outlined above.

42.     Plaintiff Rodriguez seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Santos Rodriguez Garcia*

43.     Plaintiff Rodriguez was employed by Defendants from approximately August 29, 2016 until on or about May 22, 2017.

44.     At all times relevant to this Complaint, Plaintiff Rodriguez ostensibly was employed by Defendants as a delivery worker. However, Plaintiff Rodriguez was required to perform the non-delivery, non-tip duties outlined above.

45.     Plaintiff Rodriguez regularly handled goods in interstate commerce such as food and drinks.

46.     Plaintiff Rodriguez's work duties required neither discretion nor independent judgment.

47.     From approximately September 25, 2016 until on or about January 2017, Plaintiff Rodriguez regularly worked in excess of 40 hours per week.

48.     From approximately August 29, 2016 until on or about November 6, 2016, Plaintiff Rodriguez worked at Limon Jungle from approximately 11:00 a.m. until on or about 5:00 p.m. Mondays through Saturdays (typically 36 hours per week).

49.     From approximately November 7, 2016 until on or about November 20, 2016, Plaintiff Rodriguez worked at Limon Jungle from approximately 11:00 a.m. until on or about

9

5:00 p.m. Mondays through Saturdays and at La Carbonara from approximately 5:00 p.m. until

on or about 11:00 p.m. Mondays, Tuesdays, and Thursdays, and from approximately 5:00 p.m.

until on or about 12:00 a.m. Fridays and Saturdays (typically 68 hours per week).

50.     From approximately November 21, 2016 until on or about January 2017, Plaintiff

Rodriguez worked at La Carbonara from approximately 5:00 p.m. until on or about 11:00 p.m.

Sundays through Thursdays and from approximately 5:00 p.m. until on or about 12:00 a.m.

Fridays and Saturdays (typically 44 hours per week).

51.     From approximately February 2017 until on or about May 22, 2017, Plaintiff

Rodriguez worked at La Carbonara from approximately 5:00 p.m. until on or about 11:00 p.m.

Sundays through Wednesdays and from approximately 5:00 p.m. until on or about 12:00 a.m.

Fridays and Saturdays (typically 38 hours per week).

52.     In addition, Plaintiff Rodriguez also worked in the Serenata and Intermezzo

locations within the schedules listed above.

53.     Throughout his entire employment with Defendants, Plaintiff Rodriguez was paid

his wages by check.

54.     From approximately August 29, 2016 until on or about September 24, 2016,

defendants paid Plaintiff Rodriguez a fixed weekly salary of $230.00 for his work at Limon

Jungle.

55.     From approximately September 2016 until on or about November 2016,

defendants paid Plaintiff Rodriguez a fixed salary of $250 per week for his work at Lemon

Jungle and $200 per week for his work at La Carbonara.

56.     From approximately December 2016 until on or about May 22, 2017, defendants paid Plaintiff Rodriguez a fixed weekly salary of $200.00 per week for his work at La Carbonara.

57.     From approximately September 25, 2016 until on or about May 22, 2017, Defendants never granted Plaintiff Rodriguez meal breaks or rest periods of any kind.

58.     Plaintiff Rodriguez was never notified by Defendants that his tips were being included as an offset for wages.

59.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Rodriguez's wages.

60.     From approximately August 29, 2016 until on or about May 8, 2017, Plaintiff Rodriguez was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

61.     Defendants never provided Plaintiff Rodriguez with a written notice, in English and in Spanish (Plaintiff Rodriguez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

62.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Rodriguez regarding overtime and wages under the FLSA and NYLL.

63.     Defendants required Plaintiff Rodriguez to purchase "tools of the trade" with his own funds—including two bicycles, a helmet, lock and chain, two vests, a rain coat, and rain boots.

*Defendants' General Employment Practices*

64.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Rodriguez to work in excess of 40 hours per week without paying

him appropriate minimum wage, overtime, and spread of hours compensation, as required by federal and state laws.

65.    As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Rodriguez by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

66.    At no time did Defendants inform their employees, including Plaintiff Rodriguez, that they had reduced their hourly wages by a tip allowance.

67.    Defendants required Plaintiff Rodriguez, and all other delivery workers, to perform general non-delivery, non-tipped restaurant tasks in addition to their primary duties as delivery workers.

68.    Plaintiff Rodriguez and all other similarly situated employees, were employed ostensibly as tipped employees by Defendants, although their actual duties included greater or equal time spent performing non-tipped duties.

69.    Regardless, Plaintiff Rodriguez and all other delivery workers were never paid at the lowered tip-credited rate by Defendants; however, under state law Defendants were not entitled to a tip credit because Plaintiff Rodriguez's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

70.    The delivery workers', including Plaintiff Rodriguez's, duties were not incidental to their occupation as delivery workers, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

71.    In violation of federal and state law as codified above, Defendants classified Plaintiff Rodriguez and other delivery workers as tipped employees, but never paid them at the

tip-credited rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

72.    Defendants failed to inform Plaintiff Rodriguez that they intended to take a deduction against his earned wages for tip income, as required by the NYLL before any deduction may be taken.

73.    Defendants failed to inform Plaintiff Rodriguez that his tips would be credited towards the payment of the minimum wage.

74.    Defendants failed to maintain a record of tips earned by Plaintiff Rodriguez for the deliveries he made to customers.

75.    Defendants paid Plaintiff Rodriguez by separate checks for Limon Jungle and La Carbonara.

76.    From approximately August 29, 2016 until on or about May 8, 2017, Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

77.    By employing this practice, Defendants avoided paying Plaintiff Rodriguez at the minimum wage and at the overtime rate of time and a half for most or all of his hours worked in excess of forty (40) hours per week.

78.    Defendants failed to post required wage and hour posters in the restaurant, and did not provide Plaintiff Rodriguez with statutorily required wage and hour records or statements of pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Rodriguez's relative lack of sophistication in wage and hour laws.

79.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Rodriguez (and similarly situated individuals) worked, and to avoid paying Plaintiff Rodriguez  properly for (1) his full hours worked (2) minimum wage (3) overtime wages and (4) spread of hours pay.

80.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employee compensation by knowingly violating the FLSA and NYLL.

81.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Rodriguez and other similarly situated current and former delivery workers.

82.     Defendants failed to provide Plaintiff Rodriguez  and other employees with wage statements at the time of their payment of wages, containing: the  dates  of work covered by that payment of wages; name of employee; name of employer; address and phone  number  of employer;  rate  or  rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary,  piece,  commission,  or  other;  gross wages;  deductions;  allowances,  if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the  number  of overtime  hours  worked, as required by NYLL §195(3).

83.     Defendants failed to provide Plaintiff Rodriguez  and other employees, at the time of hiring and on or before February 1 of each subsequent year,  a statement in English and the employees'  primary language of Spanish, containing: the rate or rates of pay and basis thereof, whether paid  by  the  hour, shift, day, week, salary, piece, commission, or other; allowances, if

any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

84.    Plaintiff Rodriguez brings his FLSA minimum wage, overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA and Rule 23 class members") who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of this Complaint (the "FLSA and Rule 23 Class Period").

85.    At all relevant times, Plaintiff Rodriguez and other members of the FLSA and Rule 23 Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage, overtime pay of one and one-half times their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

86.    The claims of Plaintiff Rodriguez stated herein are similar to those of the other employees.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

87.    Plaintiff Rodriguez sues on his own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

88.    Plaintiff Rodriguez brings his New York Labor Law minimum wage, overtime, spread-of-hours, wage deduction, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiff Rodriguez, are referred to herein as the "Class."

89.    The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

90.    There are questions of law and fact common to the Class including:

a.    What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

b.    What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

c.    What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

d.    Whether Defendants failed and/or refused to pay Plaintiff Rodriguez the minimum wage and overtime at the premium rate within the meaning of the New York Labor Law;

e. Whether Defendants failed and/or refused to pay Plaintiff Rodriguez's "Spread of Hours" Pay;

f. Whether Defendants improperly deducted "shorts" from the Plaintiff Rodriguez's wages;

g. At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

h. What are the common conditions of employment and in the workplace, such as recordkeeping, clock-in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

91.    The claims of the representative parties are typical of the claims of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiff were and are typical of those of class members.

92.    The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The Named Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

93.    The common questions of law and fact predominate over questions affecting only individual members.

94.    A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual

plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

95.    Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

96.    Plaintiff Rodriguez repeats and realleges all paragraphs above as though fully set forth herein.

97.    At all times relevant to this action, Defendants were Plaintiff Rodriguez's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

98.    Defendants had the power to hire and fire Plaintiff Rodriguez (and the FLSA and Rule 23 class members), controlled his terms and conditions of employment, and determined the rate and method of any compensation.

99.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

100.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

101.    Defendants failed to pay Plaintiff Rodriguez (and the FLSA and Rule 23 class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

102.    Defendants' failure to pay Plaintiff Rodriguez (and the FLSA and Rule 23 class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

103.    Plaintiff Rodriguez (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**(VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)**

104.    Plaintiff Rodriguez repeats and realleges all paragraphs above as though fully set forth herein.

105.    At all times relevant to this action, Defendants were Plaintiff Rodriguez's (and the FLSA and Rule 23 class members') employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Rodriguez (and the FLSA and Rule 23 class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

106.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

107.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

108.    Defendants, in violation of 29 U.S.C. § 207 (a)(1), failed to pay Plaintiff Rodriguez (and the FLSA and Rule 23 class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

109.    Defendants' failure to pay Plaintiff Rodriguez (and the FLSA and Rule 23 class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

110.    Plaintiff Rodriguez (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

111.    Plaintiff Rodriguez repeats and re-alleges all paragraphs above as though fully set forth herein.

112.    At all times relevant to this action, Defendants were Plaintiff Rodriguez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Rodriguez (and the FLSA and Rule 23 class members), controlled his terms and conditions of employment, and determined the rates and methods of any compensation in exchange for his employment.

113.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Rodriguez (and the FLSA and Rule 23 class members) less than the minimum wage.

114.    Defendants' failure to pay Plaintiff Rodriguez (and the FLSA and Rule 23 class members) the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

115.    Plaintiff Rodriguez (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE
### NEW YORK STATE LABOR LAW)

116.    Plaintiff Rodriguez repeats and realleges all paragraphs above as though fully set forth herein.

117.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Rodriguez (and the FLSA and Rule 23 class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

118.    Defendants' failure to pay Plaintiff Rodriguez (and the FLSA and Rule 23 class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

119.    Plaintiff Rodriguez (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

120.    Plaintiff Rodriguez repeats and realleges all paragraphs above as though fully set forth herein.

121.    Defendants failed to provide Plaintiff Rodriguez (and the FLSA and Rule 23 class members) with a written notice, in English and in Spanish (Plaintiff Rodriguez's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

122.    Defendants are liable to Plaintiff Rodriguez (and the FLSA and Rule 23 class members) in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

123.    Plaintiff Rodriguez repeats and realleges all paragraphs above as though set forth fully herein.

124.    Defendants did not provide Plaintiff Rodriguez (and the FLSA and Rule 23 class members) with wage statements upon each payment of wages, as required by NYLL 195(3).

125.    Defendants are liable to Plaintiff Rodriguez (and the FLSA and Rule 23 class members) in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**
**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**
**OF THE NEW YORK COMISSIONER OF LABOR**

126.    Plaintiff Rodriguez repeats and realleges all paragraphs above as though fully set forth herein.

127.    Defendants failed to pay Plaintiff Rodriguez (and the FLSA and Rule 23 class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Rodriguez's spread of hours exceeded ten hours in violation of NYLL §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

128.    Defendants' failure to pay Plaintiff Rodriguez (and the FLSA and Rule 23 class members) an additional hour's pay for each day Plaintiff Rodriguez's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

129.    Plaintiff Rodriguez (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

**EIGHTH CAUSE OF ACTION**
**(RECOVERY OF EQUIPMENT COSTS)**

130.    Plaintiff Rodriguez repeats and realleges all paragraphs above as though set forth fully herein.

131.    Defendants required Plaintiff Rodriguez (and the FLSA and Rule 23 class members) to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, such as bicycles, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

132.    Plaintiff Rodriguez (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.


**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Rodriguez respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Rodriguez and the FLSA and Rule 23 class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Rodriguez  and the FLSA and

Rule 23 class members;

(d)      Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Rodriguez's, and the FLSA and Rule 23 class members', compensation, hours, wages, and any deductions or credits taken against wages;

(e)      Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Rodriguez and the FLSA and Rule 23 class members;

(f)      Awarding Plaintiff Rodriguez and the FLSA and Rule 23 class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g)      Awarding Plaintiff Rodriguez  and the FLSA and Rule 23 class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(h)      Awarding Plaintiff Rodriguez and the FLSA and Rule 23 class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(i)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Rodriguez (and the FLSA and Rule 23 class members);

(j)      Declaring that Defendants violated the overtime wage provisions of, and rules and

orders promulgated under, the NYLL as to Plaintiff Rodriguez (and the FLSA and Rule 23 class members);

(k)      Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Rodriguez (and the FLSA and Rule 23 class members);

(l)      Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Rodriguez's, (and the FLSA and Rule 23 class members) compensation, hours, wages, and any deductions or credits taken against wages;

(m)      Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Rodriguez (and the FLSA and Rule 23 class members);

(n)      Declaring that Defendants violated NYLL §196-d.

(o)      Awarding Plaintiff Rodriguez (and the FLSA and Rule 23 class members) damages for the amount of unpaid minimum wage, spread of hours pay and overtime compensation , as well as  damages for any improper deductions or credits taken against wages;

(p)      Awarding Plaintiff Rodriguez (and the FLSA and Rule 23 class members) damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§ 198(1-b) and 198(1-d);

(q)      Awarding Plaintiff Rodriguez (and the FLSA and Rule 23 class members)liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(r)      Awarding Plaintiff Rodriguez  (and the FLSA and Rule 23 class members)

25

liquidated damages in an amount equal to one hundred percent (100%) of the spread of hours pay

and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(s)    Awarding Plaintiff Rodriguez (and the FLSA and Rule 23 class members) pre-

judgment and post-judgment interest as applicable;

(t)    Awarding Plaintiff Rodriguez (and the FLSA and Rule 23 class members) the

expenses incurred in this action, including costs and attorneys' fees;

(u)    Providing that if any amounts remain unpaid upon the expiration of ninety days

following issuance of judgment, or ninety days after expiration of the time to appeal and no

appeal is then pending, whichever is later, the total amount of judgment shall automatically

increase by fifteen percent, as required by NYLL § 198(4); and

(v)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Rodriguez demands a trial by jury on all issues triable by a jury.


Dated: New York, New York
       June 9, 2017

                              MICHAEL FAILLACE & ASSOCIATES, P.C.


                              _____/s/ Michael Faillace_____
                              By:    Michael A. Faillace [MF-8436]
                                     60 East 42nd Street, Suite 4510
                                     New York, New York 10165
                                     (212) 317-1200
                                     *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

May 24, 2017

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:          **Santos Rodriguez Garcia**

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:          24 de mayo de 2017